

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0765-12

---

### RONALD EUGENE WORTHAM, JR., Appellant

### v.

### THE STATE OF TEXAS

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE NINTH COURT OF APPEALS
### SAN JACINTO COUNTY

---

KEASLER, J., delivered the opinion of the Court, in which MEYERS, PRICE, WOMACK, JOHNSON, HERVEY, COCHRAN, and ALCALA, J.J., joined. KELLER, P.J., filed a concurring opinion.

### O P I N I O N

Ronald Wortham was convicted of injury to a child. The Ninth Court of Appeals affirmed the judgment, holding that the trial judge did not err in denying Wortham's request for a jury instruction on the lesser-included offenses of reckless and criminally negligent injury to a child.[1] Because the court of appeals misapplied the two-part analysis used to

---

[1] *Wortham v. State*, 366 S.W.3d 871, 875–76 (Tex. App.—Beaumont 2012).

determine the availability of lesser-included offense instructions, we reverse its judgment.

## BACKGROUND

Ronald Wortham lived with C.G. and C.G.'s two-year-old daughter, C.B. On March 10, 2010, Wortham brought C.B. to the emergency room at a hospital in Cleveland, Texas. C.B. was in cardiac arrest, had no respiration, pulse, or blood pressure, and was in a deep coma. Doctors managed to restore C.B.'s breathing, but a CAT scan revealed that she had an acute subdural hematoma, hypoxic ischemia, and intraventricular hemorrhaging. Wortham did not dispute that he had been alone with C.B. during the period of time in which the injuries occurred. He was arrested and charged with injury to a child, a first-degree felony.[2] The indictment alleged that Wortham, "on or about the 10th day of March, 2010, . . . did then and there intentionally and knowingly cause serious bodily injury to [C.B.], a child 14 years of age or younger, by shaking said [C.B.] and restricting her airflow causing suffocation."

At trial, Texas State Trooper Christopher Richmond, Deputy Jason Bell, and Detective Darryl LaMott each testified regarding Wortham's explanation about how C.B.'s injuries had occurred. According to Wortham, C.B. had been sleeping. When Wortham went to check on her, he discovered that she had a plastic bag on her face and that she was not breathing. Wortham then decided to take C.B. to the hospital. Detective LaMott's testimony went further: he related that Wortham said that when Wortham removed the bag from C.B.'s face,

---

[2] *See* TEX. PENAL CODE § 22.04(a), (e) (West 2012).

he tapped her and shook her in an attempt to revive her. Only when this was unsuccessful did Wortham take C.B. to the hospital.

Multiple witnesses for the State testified that C.B.'s injuries were indicative of non-accidental trauma. Dr. Sunil Kumar Saraf, the emergency-room doctor who initially treated C.B., testified that a subdural hematoma could not be caused by suffocation, either by a plastic bag covering the face or otherwise. Dr. George Boutros, a radiologist, also agreed that C.B.'s injuries could not have been caused by a plastic bag blocking her airway. Finally, Dr. Sheela Lahoti, a professor of pediatrics, testified that the blood found in C.B.'s brain could not have been caused by suffocation. All three doctors indicated that C.B.'s injuries were consistent with shaken baby syndrome, which occurs when a child is shaken vigorously with rapid acceleration.

At the charge conference, Wortham's trial counsel requested a jury instruction on the lesser-included offenses of reckless injury to a child and criminally negligent injury to a child. The trial judge denied Wortham's requests as to both recklessness and criminal negligence. Subsequently, the jury returned a verdict of guilty and assessed a punishment of forty years' imprisonment.

Wortham appealed, arguing that the judge erred in denying his request for a lesser-included offense instruction. Specifically, he stated that he had been entitled to the lesser-included offense instruction because the evidence indicated that while he had shaken C.B.,

he had done so in an attempt to revive her.[3]  The Ninth Court of Appeals upheld the decision

of the trial court, stating that a judge need not instruct a jury on a lesser-included offense

when the conduct establishing the lesser offense is not included within the facts required to

prove the charged offense.[4]  The court of appeals also concluded that based on the facts of

the record, no rational jury could have found that Wortham recklessly or negligently caused

injury to C.B.[5]  We granted review to determine whether the court of appeals erred when it

upheld the judge's denial of Wortham's requested lesser-included offenses charge.

## LESSER-INCLUDED OFFENSE INSTRUCTION

Hall v. State sets forth the two-part analysis used to determine whether a defendant

is entitled to a jury instruction on a lesser-included offense.[6]  Using the "cognate pleadings"

approach, an appellate court must first consider whether the offense contained in the

requested instruction is a lesser-included offense of the charged offense.[7]  If it is, the court

must then determine whether the evidence admitted at trial supports the instruction.[8]

---

[3]  *See Wortham*, 366 S.W.3d at 876.

[4]  *Id.* at 875.

[5]  *Id.* at 876.

[6]  *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007).

[7]  *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011); *Hall*, 225 S.W.3d at 535.

[8]  *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011); *Rice*, 333 S.W.3d at 144.

We now turn to the first step in the analysis: whether the offense contained in the requested instruction is a lesser-included offense of the charged offense. Whether an offense is a lesser-included offense is governed by Code of Criminal Procedure Article 37.09, which reads in pertinent part:

> An offense is a lesser included offense if:
>
> (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; [or]
>
> . . . .
>
> (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission . . . .[9]

This is a question of law. "[W]e do not consider the evidence that was presented at trial. Instead, we consider only the statutory elements of [the offense] as they were modified by the particular allegations of the indictment . . . . We then compare them with the elements of the [requested] lesser offense . . . ."[10] Thus, an offense is a lesser-included offense if the indictment alleges all the elements of the lesser-included offense, or if the indictment alleges elements plus facts from which all the elements of the lesser-included offense may be deduced.[11]

In this case, the indictment against Wortham for injury to a child contained the

---

[9] TEX. CODE CRIM. PROC. art. 37.09 (West 2012).

[10] *Hall*, 225 S.W.3d at 536.

[11] *Rice*, 333 S.W.3d at 144; *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (op. on reh'g).

following elements:

(1) Wortham

(2) intentionally or knowingly

(3) caused serious bodily injury

(4) to a child 14 years of age or younger

(5) by shaking and restricting her airflow, causing suffocation.

An individual may commit the offense of injury to a child either by act or by omission.[12] However, for the purposes of this analysis, an appellate court must consider only the elements of the offense as they were modified by the particular allegations of the indictment.[13] Here, the indictment did not charge Wortham with injury to a child by omission. Therefore, we compare the elements of the offense as modified by the indictment to the elements of reckless and criminally negligent injury to a child by committing an act—not by omission—as follows:

(1) a person commits an offense if he

(2) recklessly or with criminal negligence by act

(3) causes serious bodily injury

(4) to a child.[14]

---

[12] *See* TEX. PENAL CODE § 22.04(a) (West 2012).

[13] *See Hall*, 225 S.W.3d at 536.

[14] *See* TEX. PENAL CODE § 22.04(a)(1) (West 2012).

Because the indictment alleges all of the elements of the requested lesser-included offenses, reckless and criminally negligent injury to a child by act are lesser-included offenses of intentional and knowing injury to a child by act. Furthermore, Article 37.09(3) states that a lesser-included offense differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission.[15] "Reckless" and "criminal negligence" are less culpable mental states than "intentional" and "knowing."[16] Thus, by definition, reckless and criminally negligent injury to a child by act are lesser-included offenses of knowing or intentional injury to a child by act.[17]

The court of appeals held that Wortham was not entitled to his requested jury instruction because "[a] trial court need not instruct a jury on a lesser-included offense when the conduct establishing the lesser offense is not included within the facts required to prove the charged offense."[18] The court of appeals pointed out that Wortham's theory of the case was that C.B. was suffocated by a bag and that Wortham shook her in an attempt to revive her, while the State's evidence established that C.B. was not suffocated by a bag, but went

---

[15] TEX. CODE CRIM. PROC. art. 37.09(3) (West 2012).

[16] *See* TEX. PENAL CODE § 6.02(d) (West 2012).

[17] *See Hicks v. State*, 372 S.W.3d 649, 653 (Tex. Crim. App. 2012); *Gay v. State*, 235 S.W.3d 829, 831–32 (Tex. App.—Fort Worth 2007, pet. ref'd); *Thompson v. State*, 227 S.W.3d 153, 163 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd); *Brunson v. State*, 764 S.W.2d 888, 892 (Tex. App.—Austin 1989, pet. ref'd).

[18] *Wortham*, 366 S.W.3d at 875.

into a coma as a result of being shaken.[19] Thus, in the court of appeals' view, the conduct constituting the offense charged was different from that constituting the offense of the requested instruction.

In determining that reckless and criminally negligent injury to a child were not valid lesser-included offenses in this case, the court of appeals relied on *Thompson v. State*.[20] In *Thompson*, the trial judge denied a request for an instruction on the lesser-included offense of reckless bodily injury to a child, because the appellant's theory of the case was different from the elements alleged in the indictment.[21] The indictment in *Thompson* alleged that appellant had intentionally or knowingly caused bodily injury to a child by holding her feet in hot water.[22] However, the appellant argued that he was entitled to a reckless injury to a child instruction because evidence had been presented indicating that appellant had placed the child on the side of the tub and that she burned her feet as the water filled the tub.[23] The court in *Thompson* held that because the conduct supporting a charge of recklessness did not match the conduct alleged in the indictment—specifically, that appellant had held the child's feet under the hot water rather than allowing the child's feet to become burned as the water

---

[19] *Id.* at 875–76.

[20] *Thompson v. State*, 227 S.W.3d 153 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

[21] *Id.* at 163.

[22] *Id.*

[23] *Id.* at 163–64.

rose—recklessly injuring the child was not a lesser-included offense of intentionally or knowingly doing so, and thus the court was not required to give the instruction.[24]

There are several reasons why the court of appeals' reliance on *Thompson* in this case is misplaced. First, the facts of *Thompson* are distinguishable. In *Thompson*, as stated above, the conduct alleged by the indictment and the appellant's theory of the case were completely different.[25] In this case, however, both the indictment and Wortham allege identical conduct—that Wortham shook C.B. While it is true that Wortham's theory of the case is that he shook C.B. in an attempt to revive her and thus recklessly or negligently inflicted injuries, the fact remains that the conduct is the same. Even applying the *Thompson* reasoning, reckless or negligent injury to a child would constitute a lesser-included offense of knowing or intentional injury to a child in this case because the conduct establishing the lesser offense is included within the facts required to prove the charged offense.

Additionally, the reasoning in *Thompson*, and, by extension, in the court of appeals' decision in this case, conflicts with this Court's clarification of the law of lesser-included-offense instructions as set forth in *Hall v. State* and its progeny. As stated above, *Hall* dictates that when determining whether a requested charge constitutes a lesser-included offense, an appellate court should not consider the evidence presented at trial.[26] In

---

[24] *Id.* at 164.

[25] *See id.* at 163–64.

[26] *Hall*, 225 S.W.3d at 535, 536.

*Thompson*, however, the court considered the evidence presented at trial when it concluded that reckless injury to a child was not a lesser-included offense of intentional or knowing injury to a child.[27] Likewise, in this case, the court of appeals considered the evidence at trial when it determined that reckless or criminally negligent injury to a child was not a lesser-included offense of intentional or knowing injury to a child. The court's analysis is replete with references to what Wortham "contended" or "suggested," and what various witnesses testified to.[28] Nowhere in the court's majority opinion is a comparison of the elements of the indictment to the elements of the requested lesser-included offense as required by the cognate-pleadings approach.[29]

The evidence presented at trial remains an important part of a judge's decision on whether to present a requested instruction to the jury. But such evidence comes into play only in the second prong of the test. Thus the court of appeals' analysis of whether the conduct underlying the requested lesser-included instruction is included in the proof necessary to establish the offense charged was misplaced—the court analyzed this issue under the first prong of the test rather than the second. Such an analysis is best addressed when determining whether the evidence presented at trial is sufficient to support the lesser-

[27] *Thompson*, 227 S.W.3d at 163–164 (holding that because the evidence as presented by appellant did not match the conduct constituting the offense charged, the appellant was not entitled to the lesser included offense charge).

[28] *Wortham*, 366 S.W.3d at 876.

[29] *But see id.* at 876–77 (Dissenting opinion addressing the cognate pleadings test and the applicability of Article 37.09) (McKeithen, J., dissenting).

included offense at all. In outlining what should be determined in the second prong of the test, we stated that, among other things, a defendant is entitled to an instruction on a lesser-included offense only "where the proof for the offense charged includes the proof necessary to establish the lesser included offense . . . ."[30] However, in this case, the conduct underlying the requested lesser-included instruction is included in the proof necessary to establish the offense charged. Both the indictment and Wortham allege that C.B.'s injuries were caused by the same conduct—shaking. Thus the court of appeals' determination that the conduct constituting the offense charged was different than the conduct constituting the offense of the requested charge was in error.

We now turn to the second step in the analysis: whether the evidence presented at trial supports the lesser-included offense instruction.[31] The purpose of this second step is to ensure that the lesser-included offense is a "valid, rational alternative" to the charged offense.[32] "[T]here must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is

---

[30] *Hall*, 225 S.W.3d at 536 (citing *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994)).

[31] *Goad*, 354 S.W.3d at 446.

[32] *Arevalo v. State*, 943 S.W.2d 887, 889 (Tex. Crim. App. 1997) (overruled on other grounds).

warranted."[33]  Anything more than a scintilla of evidence entitles the defendant to the lesser charge.[34]  We may not consider the credibility of the evidence; even weak or contradicted evidence may rise to a level that a rational jury could find a defendant guilty of only a lesser-included offense.[35]  However, such evidence cannot be mere speculation—it must consist of affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the greater offense.[36]

The court of appeals held that because the medical evidence presented at trial overwhelmingly indicated that C.B.'s injuries were not caused by a plastic bag or Wortham's attempts to revive the child, no rational jury could have found Wortham guilty of only a lesser-included offense.[37]  Likewise, the State in its brief argues that because the medical witnesses were unanimous in stating that shaken baby syndrome is not a condition that can be caused accidentally, and because Wortham did not present medical testimony explaining how his reckless or negligent actions could have caused the injuries, he cannot point to "more than a scintilla of evidence" required to meet the second prong of the test.

---

[33]  *Goad*, 354 S.W.3d at 446 (citing *Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003)).

[34]  *Id.* at 446; *Bignall*, 887 S.W.2d at 23.

[35]  *Cavazos v. State*, 382 S.W.3d 377, 385 (Tex. Crim. App. 2012); *Goad*, 354 S.W.3d at 447, 448.

[36]  *Cavazos*, 382 S.W.3d at 385.

[37]  *Wortham*, 366 S.W.3d at 876.

The court of appeals' and the State's reliance on the overwhelming medical evidence presented in this case is in error. If a defendant can point to more than a scintilla of evidence supporting the lesser-included offense instruction—even evidence that is controverted or weak—he is entitled to the instruction. Here, Wortham has presented such evidence. The testimony of Detective LaMott contained Wortham's assertion that Wortham had shaken C.B. in an attempt to revive her. Wortham's assertion, if true, would negate the "intentional" or "knowing" elements of the charged offense.

The court of appeals erred when it determined from the evidence presented in the case that the medical evidence overwhelmed Wortham's explanation of the cause of C.B.'s injuries, instead of determining whether more than a scintilla of evidence supported Wortham's request for a jury instruction on the lesser-included offenses. Because Wortham was able to point to evidence negating an element of the charged offense and raising reckless or criminally negligent injury to a child as a valid, rational alternative, Wortham was entitled to the requested instruction.

**CONCLUSION**

Based on the elements of the offense as modified by the indictment in this case, reckless and criminally negligent injury to a child by act are lesser-included offenses of knowing or intentional injury to a child by act. Likewise, evidence was presented at trial that entitled Wortham to the requested lesser-included offense instruction. We therefore reverse the judgment of the Ninth Court of Appeals and remand the case to that court to conduct a

harm analysis.

Delivered: October 30, 2013

PUBLISH