In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-11-00231-CR
_____

RONALD EUGENE WORTHAM JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 258th District Court
San Jacinto County, Texas
Trial Cause No. 10313

MEMORANDUM OPINION

Ronald Eugene Wortham Jr. was indicted for injury to a child, C.B. Wortham lived with C.G. and C.G.'s daughter, C.B. In March 2010, C.B. was admitted to the emergency room in full cardiac arrest, unresponsive, and with no respiration, pulse, or blood pressure. C.B. had an acute subdural hematoma, hypoxic ischemia, intraventricular hemorrhaging, and static epilepticus seizures, and needed an endotracheal tube.

1

Deputy Jason Bell and Detective Darryl Lamott each testified that Wortham claimed that C.B was sleeping and he later found her with a plastic bag on her face. Wortham told Lamott that he removed the bag and noticed that C.B. was not breathing, so he attempted to rouse her by tapping on her face and shaking her. Detective Katherine Wick testified that she suspected child abuse. Wick searched C.G.'s house, but found no empty plastic bags on the floor.

Dr. Sunil Kumar Saraf testified that neither a plastic bag nor suffocation would have caused a subdural hematoma. Saraf testified that a child would have an external mark if grabbed by the neck and shaken. Radiologist George Boutros testified that there is no reasonable medical probability that a plastic bag blocking C.B.'s airway caused her injuries. He testified that an acute subdural hematoma causes seizures that restrict air flow to the brain and that C.B.'s air flow was impaired. Dr. Sheela Lahoti testified that a bag on C.B.'s face did not explain the bleeding in her brain. Lahoti explained that a suffocated person does not usually have bleeding in the brain, but that the effect on the brain is the same as suffocation when a child is knocked unconscious and stops breathing. Lahoti testified that suffocation did not cause C.B.'s injuries, but Lahoti explained that blood in a child's head interrupts the child's normal ability to breathe, which causes a lack of appropriate blood flow and oxygen to the brain. Lahoti, Suraf, and

Boutros did not believe that C.B.'s injuries resulted from accidental trauma. Lahoti explained that accidental trauma would involve subdural bleeding and a skull fracture, but there were no associated fractures in this case. Lahoti testified that someone caused C.B.'s injuries.

Boutros believed that C.B. had been shaken. Saraf explained that shaken baby syndrome occurs when a "[y]oung child is shaken vigorously with rapid acceleration that can cause [] trauma[,]" such as subdural hematoma, brain hemorrhaging, and long bone fractures. Lahoti testified that signs of shaken baby syndrome include a subdural hemorrhage and bleeding in the ventricles. Saraf, Boutros, and Lahoti testified that C.B.'s injuries created a substantial risk of death to C.B. and created a protracted loss or impairment to her organs. Lahoti believed C.B. would have died without a breathing tube and immediate medication.

At the conclusion of trial, the jury convicted Wortham of injury to a child, and the trial court sentenced Wortham to forty years in prison. Wortham appealed, challenging the sufficiency of the evidence to support his conviction and the trial court's denial of his request for jury instructions on the lesser-included offenses of reckless injury to a child and criminally negligent injury to a child. *Wortham v. State*, 366 S.W.3d 871, 872, 875-76 (Tex. App.—Beaumont 2012), *rev'd*, 412

3

S.W.3d 552 (Tex. Crim. App. 2013). On original submission, we found the evidence sufficient to support Wortham's conviction and concluded that:

> [A] jury could not rationally find that the brain injury resulting in loss of airflow was caused by the alleged contact with the bag or an alleged effort to revive the child. To have submitted the requested instructions on lesser-included offenses on this record would have invited the jury to reach an irrational verdict.

*Id*. at 876.

The Court of Criminal Appeals reversed our decision that Wortham was not entitled to jury instructions on lesser-included offenses. *Wortham v. State*, 412 S.W.3d 552, 553 (Tex. Crim. App. 2013). The Court found that reckless injury to a child and criminally negligent injury to a child by act are lesser-included offenses of injury to a child by act. *Id*. at 555. The Court explained that both Wortham himself and the indictment alleged that Wortham shook C.B. *Id*. at 557. Additionally, the Court stated that Wortham presented more than a scintilla of evidence supporting the lesser-included offense instructions, as Wortham's assertion that he shook C.B. in an attempt to revive her, if true, would negate the "intentional" or "knowing" elements of the charged offense. *Id*. at 558. Finding that Wortham was entitled to the instructions on lesser-included offenses, the Court of Criminal Appeals remanded the case to this Court for a harm analysis. *Id*. We

4

reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

A trial court's refusal to submit a lesser-included offense that was requested and raised by the evidence results in harm when that failure leaves the jury with the sole option to either convict the defendant of the greater offense or to acquit him. *Saunders v. State*, 913 S.W.2d 564, 571 (Tex. Crim. App. 1995); *Bridges v. State*, 389 S.W.3d 508, 512-13 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The rationale is that "'some' harm occurs because the jury was not permitted to fulfill its role as factfinder to resolve the factual dispute whether the defendant committed the greater or lesser offense." *Saunders,* 913 S.W.2d at 571. Harm also exists when the penalty imposed for the charged offense exceeds the potential penalty for the lesser-included offense. *Bridges*, 389 S.W.3d at 512.

In this case, the jury was limited to either finding Wortham guilty of the greater offense of intentional or knowing injury to a child or acquitting him. *See Saunders,* 913 S.W.2d at 571. Wortham received a forty-year sentence, which far exceeds the punishment range for either reckless or criminally negligent injury to a child. *See* Tex. Penal Code Ann. §§ 12.32, 12.33, 12.35, 22.04(e), (g) (West 2011 & Supp. 2013); *see also Bridges,* 389 S.W.3d at 512; *Robalin v. State*, 224 S.W.3d 470, 477 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Under these

5

circumstances, the trial court's refusal of Wortham's requested instructions on the lesser-included offenses of reckless injury to a child and criminally negligent injury to a child resulted in harm. *See Saunders*, 913 S.W.2d at 571; *see also Bridges*, 389 S.W.3d at 512-13. We reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

_____
STEVE MCKEITHEN
Chief Justice

Submitted on December 23, 2013
Opinion Delivered February 19, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

6