**Affirmed and Opinion Filed May 30, 2014**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-13-00559-CR**

**SHELLY RENEE TIMMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 380th Judicial District Court
Collin County, Texas
Trial Court Cause No. 380-80962-2011**

## OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice FitzGerald

A jury convicted appellant of aggravated assault with a deadly weapon and assessed punishment at two years' imprisonment and a $5000 fine. In a single issue on appeal, appellant asserts the trial court erred in denying her request for an instruction on the lesser included offense of deadly conduct. We affirm the trial court's judgment.

### BACKGROUND

At the time of the offense, appellant lived with her boyfriend, Bob. Bob's sister, Lisa Bold, also lived with appellant and Bob because she took care of Bob's children. The morning of May 17, 2010, appellant, Bold, and Bold's niece Nicole Frankel were all at the house. At some point, appellant walked through the living area chanting, "Lisa's a bitch." In reply, Bold chanted that appellant was not going to get a ring from Bob. Bold thought the two were going to have a

fistfight, and she told appellant they should take the argument outside. Appellant called the police.

Bold went to her room, closed the door, and started to dress. Frankel was also in the room and had been sleeping. Suddenly, appellant burst into the room holding a steak knife and screaming. Appellant waived the knife at Bold, and Bold feared for her life. Bold testified that she was thinking about which organ of her body might be stabbed that she would "not pass out right away." She recalled thinking that if she got stabbed in the stomach she would not be able to get on top of appellant and "get her to the ground." Frankel was screaming, "Stop! Stop! Stop!" Bold was at the foot of the bed and just barely moved when appellant started jabbing the knife her way. Frankel believed she heard appellant tell Bold that she was going to stab her. Frankel stated that the knife was in appellant's right hand, and she had it "raised up" to about shoulder level. The sharp edge of the knife was pointed toward Bold.

Bold believed that appellant wanted to stab her and was threatening bodily injury because appellant had previously threatened to stab her while she was sleeping. Appellant left the room, and Bold and Frankel exited the bedroom through the window.

The jury was charged on the indicted offense, aggravated assault. The trial court denied appellant's requested instruction on the lesser included offense of deadly conduct.

**ANALYSIS**

In her sole issue on appeal, appellant asserts the trial court erred in refusing her requested instruction on the lesser included offense of deadly conduct.

The trial court must give the jury a written charge that sets forth the law applicable to the case. TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2013). We review a claim of jury charge error using the two-step procedure set out in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). We first determine

–2–

whether there is error in the charge. *Ngo v. State*, 175 S.W. 3d 738, 743 (Tex. Crim. App. 2005). Then, if error is found, we analyze that error for harm. *Celis v. State*, 416 S.W.3d 419, 423 (Tex. Crim. App. 2013).

We apply a two-prong test when determining whether a defendant is entitled to an instruction on a lesser included offense. *See Wortham v. State*, 412 S.W.3d 552, 554 (Tex. Crim. App. 2013). First, we consider whether the lesser included offense is included within the proof necessary to establish the charged offense. *See* Tex. Code Crim. Proc. Ann. art. 37.09 (West 2005); *Flores v. State*, 245 S.W.3d 432, 439 (Tex. Crim. App. 2008). If it is, we then examine whether there is evidence in the record that would permit a jury to rationally find that if the defendant is guilty, she is guilty of only the lesser included offense. *See Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985).

The first prong is met if the indictment for the greater offense either: (1) alleges all of the elements of the lesser included offense, or (2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser included offense may be deduced. *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009).

The second prong asks whether there is evidence that supports submission of the lesser included offense. *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007) "A defendant is entitled to an instruction on a lesser included offense where . . . there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser included offense." *Id.* (quoting *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994)). "In other words, the evidence must establish the lesser included offense as a valid, rational alternative to the charged offense." *Id*. We review all of the evidence presented at trial. *Hayward v. State*, 158 S.W.3d 476, 478–79 (Tex. Crim. App. 2005). Anything more than a

scintilla of evidence is sufficient to entitle a defendant to a lesser-included offense charge. *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011). In determining whether the evidence raises the requested lesser-included offense, we do not consider the credibility of the evidence or whether it conflicts with other evidence. *Saunders v. State*, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992). But before a lesser-included offense instruction is required, "[t]here must be affirmative evidence to rebut the greater element, and the jury must not simply disbelieve evidence establishing the greater." *Hampton v. State*, 109 S.W.3d 437, 439 (Tex. Crim. App. 2003).

There is no dispute that deadly conduct is a lesser-included offense of aggravated assault. *See Guzman v. State*, 188 S.W.3d 185, 190–91 (Tex. Crim. App. 2006); *Whitfield v. State*, 408 S.W.3d 709, 718 (Tex. App.—Eastland 2013, no pet.). Therefore, the first prong of the test is satisfied.

Turning to the second step, we must examine whether some evidence would permit a rational jury to find appellant guilty of only the lesser included offense and not the charged offense. Appellant was charged with aggravated assault, which required the State to prove that appellant knowingly or intentionally threatened Bold with imminent bodily injury and used or exhibited a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02 (West 2011). As to deadly conduct, in order for appellant to be entitled to an instruction on that offense, the record would have to contain some evidence that would allow a jury to find she recklessly engaged in conduct that placed Bold in imminent danger of serious bodily injury. *See* TEX. PENAL CODE ANN. § 22.05(a) (West 2011). To this end, appellant argues the evidence does not establish she was threatening Bold with imminent bodily injury, and a rational jury could have concluded she "was merely reckless."

In support of her argument, appellant claims there is no evidence that she "thrust or slashed" the knife at appellant. But Bold testified that appellant "jabbed" the knife at her. Any slight semantic distinction is immaterial. Regardless of whether appellant's action with the knife is described as "thrusting," "slashing," or "jabbing," all terms connote knowing or intentional action. This deliberate conduct, coupled with Frankel's testimony that she thought she heard appellant threaten to stab Bold evidences a knowing or intentional mental state, and does not support a rational conclusion that appellant's conduct could only have been reckless. Appellant has failed to identify any evidence that demonstrates she acted recklessly rather than knowingly or intentionally.

We conclude the trial court did not err in refusing her requested instruction on deadly conduct. *See Dixon v. State*, 358 S.W.3d 250, 259 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). The trial court's judgment is affirmed.


/Kerry P. FitzGerald/

Do Not Publish              KERRY P. FITZGERALD
TEX. R. APP. P. 47         JUSTICE
130559F.U05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHELLY RENEE TIMMS, Appellant

No. 05-13-00559-CR         V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District Court, Collin County, Texas
Trial Court Cause No. 380-80962-2011.
Opinion delivered by Justice FitzGerald.
Justices Fillmore and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered May 30, 2014


/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE