ACCEPTED
13-14-00059-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
10/28/2015 2:02:54 AM
Dorian E. Ramirez
CLERK

No. 13-14-00059-CR

MONICA GALVAN, Appellant,

v.

THE STATE OF TEXAS, Appellee

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
10/28/2015 2:02:54 AM
DORIAN E. RAMIREZ
Clerk

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IN THE COURT OF APPEALS
FOR THE
THIRTEENTH DISTRICT OF TEXAS

## STATE'S POST SUBMISSION BRIEF

TO THE HONORABLE COURT OF APPEALS:

The State of Texas submits the following brief with additional authorities for the Court's consideration:

**Points of Error Nos. 1-2:**

In her first and second issues, Appellant challenges the sufficiency of the evidence.

A. Conflicting evidence does not equal insufficient evidence:

While Appellant's brief and supplemental brief rely heavily upon her testimony, the existence of conflicting evidence does not equal insufficient evidence. "The jury is the exclusive judge of the credibility of witnesses and of the weight to be given testimony, and it is also the exclusive province of the jury to reconcile conflicts in the evidence." *Wesbrook v. State*, 29 SW3d 103, 111 (Tex. Crim. App. 2000). As the exclusive judge of the credibility of the witnesses, a jury may choose to believe some testimony and disbelieve

other testimony. *Lancon v. State*, 253 SW3d 699, 707 (Tex. Crim. App. 2008); *see also Trepanier v. State*, 940 SW2d 827, 829 (Tex. App.-Austin, 1997, pet. ref'd) (jury "may accept or reject any or all of the testimony of any witness. They may look to all the evidence in the case, whether offered by the State or the defendant"). Consequently, "[t]hat conflicting evidence was introduced does not render evidence insufficient; indeed, the reviewing court must assume that the factfinder resolved conflicts in the evidence in favor of the verdict reached." *Matchett v. State*, 941 SW2d 922, 936 (Tex. Crim. App. 1996); *see also Whatley v. State*, 445 SW3d 159, 166 (Tex. Crim. App. 2014) (when faced with a record of historical facts that support conflicting inferences, the reviewing court must presume that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution).

B. To the extent that it conflicts with the evidence supporting the verdict, the testimony of Appellant, Manka, Salinas, and Wimbish is now irrelevant:

An appellate court conducting a review of the sufficiency of the evidence must consider all of the evidence in the light most favorable to the verdict. *Whatley*, 445 SW3d at 166. In other words, "[a] reviewing court will ultimately disregard any evidence that does not support the verdict." *Clewis*

2

*v. State*, 922 SW2d 126, 132 n.10 (Tex. Crim. App. 1996), *overruled on other grounds by Brooks v. State*, 323 SW3d 893 (Tex. Crim. App. 2010). Thus, to the extent that it conflicts with the evidence supporting the verdict, Appellant's trial testimony is now irrelevant. The same is true for the testimony of Manka, Salinas and Wimbish.

C. The evidence is sufficient to support the conviction:

Aggravated assault as alleged in the indictment is a result-oriented crime. *Landrian v. State*, 268 SW3d 532, 537 (Tex. Crim. App. 2008). "In other words, the culpable mental state relates not to the nature of or circumstances surrounding the charged conduct, but to the result of the conduct." *Cleburn v. State*, 138 SW3d 542, 545 (Tex. App.-Houston [14th Dist.] 2004, pet. ref'd); *see also Williams v. State*, 235 SW3d 742, 750 (Tex. Crim. App. 2007). A person acts recklessly, or is reckless, with respect to the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the result will occur. Tex. Penal Code § 6.03. However, a defendant does not have to be aware of the specific risk. *Trepanier*, 940 SW2d at 829.[1]

---

[1] While Appellant's supplemental brief notes that *Trepanier* was decided a decade before the opinion in *Williams*, several courts have cited *Trepanier* for this particular proposition since *Williams* was decided. *See, e.g., Adams v. State*, No. 06-13-00016-CR, 2013 WL 4858774, at *5 (Tex. App.-Texarkana Dec. 18, 2013, pet. ref'd) (mem. op., not designated for

In her post submission brief, Appellant contends that the State "failed to bring any evidence that [she] actually did foresee the risk and consciously decid[ed] to ignore it." Appellant's Post Submission Brief at 2. Appellant's assertion ignores the law and the evidence.

Direct evidence of the requisite mental state is not required. *Hart v. State*, 89 SW3d 61, 64 (Tex. Crim. App. 2002). "Mental culpability is of such a nature that it generally must be inferred from the circumstances under which the prohibited act occurred." *Griffith*, 315 SW3d at 651. "A culpable mental state may be inferred by the trier of fact from the acts, words, and conduct of the accused." *Id.* In some cases, a defendant's inactions may constitute recklessness. *Williams*, 235 SW3d at 752. And evidence that indicates a consciousness of guilt also supports an inference that a defendant was consciously aware of the risks and disregarded them. *Adams*, 2013 WL 4858774, at *5 ("The inconsistent statements indicate a consciousness of guilt, which also supports an inference that Adams was consciously aware of the risks and disregarded them").

A review of the evidence and the applicable law:

---

publication); *Moya v. State*, 426 SW3d 259, 266 (Tex. App.-Texarkana 2013, no pet.); *Leblanc v. State*, Nos. 01-10-00251-CR & 01-10-00252-CR, 2011 WL 3556952, at *5 (Tex. App.-Houston [1st Dist.] Aug. 11, 2011, no pet.) (mem. op., not designated for publication); *Griffith v. State*, 315 SW3d 648, 652 (Tex. App.-Eastland 2010, pet. ref'd).

Martina Cepeda, the only unbiased witness to the collision, initially observed Appellant's vehicle swerving a little bit. 5 R.R. at 7. She then described what she observed as follows:

> After it swerved a little bit and I had backed off, then all of a sudden it started fishtailing. Really it was going from side to side really drastically and then all of a sudden it ended up in a position where it was across the lane rather than the way we were headed. Suddenly they accelerated and ran into the tractor on the side.

5 R.R. at 7-8. *See* Tex. Transp. Code §§ 545.401 (prohibiting reckless driving), 545.051 (generally requiring driving on the right side of the roadway), 545.060(a)(1) (requiring an operator to drive as nearly as practical entirely within a single lane); *Trepanier*, 940 SW2d at 829 (noting that the failure to maintain a single marked lane may itself constitute reckless conduct).

When she was asked to explain what she meant when she said Appellant's car was fishtailing, Cepeda replied, "The back part of the car started going drastically from one side to the other." 5 R.R. at 12. Considering Cepeda's description of Appellant's erratic driving just before the collision, the jury could have reasonably inferred that the physical altercation Appellant was having with Manka was not "playful and inconsequential." Appellant's Brief at 16.

5

Though Appellant swerved all over the roadway and then one thousand feet off the roadway, Cepeda never saw Appellant's brake lights. 5 R.R. at 13. The jury was also informed that the data recorder in Appellant's vehicle indicated that, for the eight seconds prior to the crash, her brakes were not depressed. 4 R.R. at 114.

Though Appellant told Officer Ramirez that she drove off the roadway because another vehicle veered out in front of her, 3 R.R. at 23, Cepeda testified that there was no other vehicle. 5 R.R. at 12. Though Appellant testified that she threw the beer bottles away because they were underneath Manka's legs, 5 R.R. at 52-53, Cepeda testified that Appellant removed the beer from the rear of her vehicle. 5 R.R. at 10. *See Adams*, 2013 WL 4858774, at *5 (evidence indicating a consciousness of guilt supports an inference that a defendant was consciously aware of the risks and disregarded them).

Despite the jury's verdict on the intoxication assault charge, the jury could also consider the evidence of Appellant's intoxication admitted during the trial when considering whether Appellant's conduct was reckless. *Adams*, 2013 WL 4858774, at *3 (holding that an acquittal for intoxication manslaughter did not preclude the jury from considering alcohol use along with other conduct in concluding the defendant's conduct was reckless); *see also Elliott v. State*, No. 13-13-00220-CR, 2015 WL 1869472, at *3 (Tex.

6

App.-Corpus Christi Apr. 23, 2015, no pet. h.) (mem. op., not designated for publication) (noting that driving under the influence of alcohol may constitute reckless conduct).

Even in the context of truly inconsistent verdicts from an indictment containing multiple counts, the Supreme Court has cautioned against attempting to interpret the verdicts because a jury may render an acquittal through mistake, compromise, or lenity. *United States v. Powell*, 469 U.S. 57, 65 (1984). Instead, an appellate court should regard each count as if it was a separate indictment. *Id.* at 62.

More than eighty years ago, the United States Supreme Court held that "a criminal defendant convicted by a jury on one count could not attack that conviction because it was inconsistent with the jury's verdict of acquittal on another count." *Id.* at 58 (citing *Dunn v. United States*, 284 U.S. 390 (1932)). In *Powell*, the Court also cautioned against confusing a review of the sufficiency of the evidence "with the problems caused by inconsistent verdicts." *Id.* at 67. Thus, a review of the sufficiency of the evidence "should be independent of the jury's determination that evidence on another count was insufficient." *Id.*; *see also Jackson v. Virginia*, 443 U.S. 307, 319 n.13 (1979) ("The question whether the evidence is constitutionally sufficient is of course wholly unrelated to the question of how rationally the verdict was

actually reached. Just as the standard announced today does not permit a court to make its own subjective determination of guilt or innocence, it does not require scrutiny of the reasoning process actually used by the factfinder-if known."); *Robinson v. State*, 46 SW3d 166, 172 (Tex. Crim. App. 2015) ("the appellate standard for reviewing the sufficiency of the evidence is based on a hypothetical rational fact finder, rather than on the actual fact finder's particular thought process"); *Ruiz v. State*, 641 SW2d 364, 366 (Tex. App.-Corpus Christi 1982, no pet.) ("Where a multi-count verdict appears inconsistent, the appellate inquiry is limited to a determination of whether the evidence is legally sufficient to support the counts on which a conviction is returned. What the jury did with the remaining counts is immaterial.").

In *Adams*, the defendant was charged in a two-count indictment with the offenses of intoxication manslaughter and manslaughter.[2] The jury found him not guilty of intoxication manslaughter but convicted him of manslaughter. 2013 WL 4858774, at *1. Citing *Zuniga v. State*, 144 SW3d 477, 487 (Tex. Crim. App. 2004), *overruled on other grounds by Watson v. State*, 204 SW3d 404, 415-17 (Tex. Crim. App. 2006), the Court noted that

---

[2] The indictment alleged that Adams committed manslaughter "by driving at a speed greater than that which was reasonable and prudent for the circumstances when passing a vehicle and by having a measurable amount of alcohol and hydrocodone in his system."

8

the Court of Criminal Appeals has rejected the argument that an acquittal for intoxication manslaughter prevents a jury from considering alcohol use along with other conduct in concluding the defendant's conduct was reckless. *Id,* at *3. The Court then said:

> The jury apparently determined that the presence of alcohol and hydrocodone in Adam's system did not impair his ability to control the car; even so, the jury was still free to take into account that the presence of these substances could have had the effect of reducing the inhibitions against traveling at too high a rate of speed – a reckless situation.

*Id.* Considering the precedent of the Supreme Court, it appears that the Court erred in assuming the jury found the evidence insufficient to support the charge of intoxication manslaughter. However, the Court correctly held that the jury could consider Appellant's use of alcohol and hydrocodone.

While Appellant attempts to distinguish this case from *Elliott* by emphasizing that she made no concession in this case, Appellant's Reply Brief at 13, a concession is not necessary to establish reckless conduct. *Trepanier*, 940 SW2d at 830. And this Court has held that the uncorroborated testimony of a police officer alone is sufficient to establish intoxication. *Hartman v. State*, 198 SW3d 829, 835 (Tex. App.-Corpus Christi 2006, pet. struck); *Little v. State*, 853 SW2d 179, 183 (Tex. App.-Corpus Christi 1993,

no pet.). Officer Ramirez testified that Appellant was intoxicated. 3 R.R. at 26-27.

Appellant also states that "[t]here is no evidence that she was driving over the speed limit or disregarding traffic laws." Appellant's Post Submission Brief at 2. This assertion completely ignores Cepeda's testimony and the applicable sections of the Transportation Code. It also ignores all of the evidence indicating that Appellant was intoxicated. Besides, the State was not required to prove that Appellant violated traffic laws. *Adams*, 2013 WL 4858774, at *4. The State was merely obligated to prove there were actions or inactions by Appellant which, under the circumstances that existed that night, created a substantial and unjustifiable risk. *Id.* Whether the facts create an unjustifiable risk is judged by the circumstances of each case, not by comparisons to other cases. *Id.*

The fact that Appellant, a self-professed conscientious driver, did not require Manka or Salinas to wear their seatbelts was one of the circumstances that existed that night. *See* Tex. Transp. Code § 545.413(a)(1) (requiring a person who is at least 15 years of age to be secured by a safety belt).[3]

_____

[3] The data recorder indicated that Appellant had her seatbelt buckled and Manka did not. 4 R.R. at 11. The data recorder did not contain any information regarding Salinas because he was in the rear seat. However, Appellant was the only person who did not suffer serious bodily injury as a result of the collision.

Looking at the evidence in the light most favorable to the verdict, Appellant is essentially saying that she did not realize that driving while intoxicated and engaging in a physical altercation while traveling at least 60 or 65 miles per hour[4] at night created a substantial and unjustifiable risk to anyone, including her unbuckled passengers. She also apparently did not realize that making no attempt to stop her vehicle before or after she went off the roadway while traveling at least 60 or 65 miles per hour created a substantial and unjustifiable risk to anyone, including her unbuckled passengers. And she apparently did not realize that, despite traveling 1000 feet before the collision, failing to make any attempt to avoid colliding with a stationary bulldozer created a substantial and unjustifiable risk to anyone, including her unbuckled passengers.

The Court must determine whether the evidence and any reasonable inferences that could be drawn from it would permit a rational jury to find beyond a reasonable doubt that Appellant "consciously disregarded" a substantial and unjustifiable risk created by her conduct. *Griffith*, 315 SW3d at 652; *Trepanier*, 940 SW2d at 829. In reaching their verdict in this case, the jury was also entitled to consider Appellant's conduct after the collision,

---

[4] Cepeda testified that Appellant actually accelerated before she drove off the roadway. 5 R.R. at 7-8. State law prohibits driving at a speed "greater than is reasonable and prudent under the circumstances then existing." Tex. Transp. Code § 545.351(a).

11

including lying to the police about the cause of the collision and attempting to conceal evidence. *Adams*, 2013 WL 4858774, at *5.

The indictment in this case alleged that Appellant did then and there recklessly, to wit: (1) by failing to control the vehicle operated by her, and (2) by failing to keep a proper lookout for another vehicle, and (3) by failing to keep the vehicle operated by her on the roadway, and (4) by operating a motor vehicle while impaired, cause serious bodily injury to Manka and Salinas by driving a motor vehicle that was occupied by Manka and Salinas into and against a bulldozer .C.R. at 4.

"When a charge to a jury contains several disjunctive means of recklessness, the jury's verdict will not be reversed for insufficiency of the evidence if the evidence is sufficient to establish at least one of the alternative means." *Leblanc*, 2011 WL 3556952, at *5. Looking at the evidence in the light most favorable to the verdict, the evidence in this case is sufficient to establish more than one of the alternative means. As in *Adams*, a rational jury could have concluded that Appellant's actions, inactions and condition, collectively, created a "substantial and unjustifiable" risk of the type of harm that occurred. And a rational jury could have concluded that disregarding the risks constituted a gross deviation from the standard of care that a reasonable person would have

exercised in the same situation. *See Buie v. State*, No. 03-02-00280-CR, 2003 WL 21189757, at *2 (Tex. App.-Austin May 22, 2003, no pet.) (mem. op., not designated for publication) ("The fact that one may legally drive after consuming intoxicating substances does not prevent the State from alleging that the driver was reckless in doing so; illegality is not a prerequisite of recklessness. A jury can determine whether a person's driving after consuming alcohol and marijuana shows the requisite disregard for risk without considering whether his consumption of those substances deprived him of the normal use of his physical and mental faculties. This is particularly true where, as here, driving after consumption is listed conjunctively with other acts charged to demonstrate recklessness such as driving too fast and failure to keep a proper lookout.").

**Points of Error Nos. 3-4:**

In her third and fourth issues, Appellant contends that a variance exists between the manner and means alleged in the indictment and the proof at trial.[5]

---

[5] Both counts of the indictment alleged that Appellant caused serious bodily injury to the victims by driving a motor vehicle that was occupied by the victims into and against a bulldozer. C.R. at 3.

In its brief, the State cited *Johnson v. State*, 364 SW3d 292 (Tex. Crim. App. 2012). In *Wortham v. State*, 412 SW3d 552 (Tex. Crim. App. 2013), Presiding Judge Keller explained the Court's opinion in *Johnson*:

> In *Johnson v. State*, we addressed a variance in pleading and proof for the offense of aggravated assault. The indictment in that case alleged that the defendant caused serious bodily injury to the victim "by hitting her with his hand or by twisting her arm with his hand," but the proof at trial showed that the defendant threw the victim against a wall. Because aggravated assault is a result-of-conduct offense, we held that a variance with respect to the act that caused the injury cannot be material, so the evidence was sufficient to support the conviction. It was the injury that mattered, not the act that may have produced it.

*Id.* at 559 (Keller, P.J., concurring) (footnotes omitted).

**Point of Error No. 5:**

In her final issue, Appellant contends that the trial court allowed a non-unanimous verdict by submitting disjunctively the various means of recklessness in the jury charge.

This contention is without merit. *See Rubio v. State*, 203 SW3d 448, 451-452 (Tex. App.-El Paso 2006, pet. ref'd); *Pease v. State*, No. 03-06-00369-CR, 2007 WL 2274879, at ** 2-3 (Tex. App.-Austin Aug. 9, 2007, no pet.) (mem. op., not designated for publication)

Respectfully submitted,


/s/ Adolfo Aguilo, Jr.
Adolfo Aguilo, Jr.
State Bar No. 00936750
Assistant District Attorney
105th Judicial District
901 Leopard St., Rm. 206
Corpus Christi, TX 78401
361-888-0410
361-888-0399 (fax)
adolfo.aguilo@co.nueces.tx.us


## CERTIFICATE OF SERVICE

This is to certify that this brief was emailed to Appellant's counsel,

Dante E. Dominguez (ddominguez.law@gmail .com), on October 28, 2015.


/s/ Adolfo Aguilo, Jr.
Adolfo Aguilo, Jr.