**Opinion filed January 16, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00035-CR

_____

## VALERIE RENEE BARRERA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 27089A**

## M E M O R A N D U M   O P I N I O N

The grand jury indicted Valerie Renee Barrera for the offenses of first-degree felony possession of four grams or more but less than 200 grams of methamphetamine with the intent to deliver and of second-degree felony possession of the same. The jury found Appellant guilty solely of second-degree felony possession. Appellant elected for the trial court to assess punishment, and it assessed her punishment at confinement for five years. We affirm.

On appeal, Appellant raises two issues. First, Appellant claims that the evidence was insufficient to support her conviction. In her second issue on appeal, Appellant claims that the trial court erred when it refused to instruct the jury on the lesser included offense of possession of more than one gram but less than four grams of a controlled substance.

Based on information from a confidential informant, agents with the Abilene Police Department executed a knock-and-announce search warrant at 1726 Jameson Street in Abilene. Philip Martinez was named in the search warrant as the suspect party. When the agents knocked on the front door of the residence, they heard a sound that indicated to them that someone was locking the door. One of the agents then used a "breaching tool" to break the doorknob and forcibly open the front door.

After they were inside, the agents encountered Martinez in the hallway next to the hallway bathroom; Martinez's two daughters and Appellant were at the end of the same hallway. Appellant had been dating Martinez for three to four years before the agents executed the search warrant; at times, Appellant stayed with Martinez in the house. On cross-examination, Appellant admitted that she told one of the agents that she lived there.

When the agents executed the search warrant, both Martinez and Appellant declined to admit "that they had anything on them." During a search of the house, however, the agents found several items in plain view. Among those items was a small folding table located near the middle of the living room. The agents saw the following items on top of the table: three and one-half grams of methamphetamine (commonly known as an "eight ball"), two sets of scales, packaging materials, marihuana that was apparently being packaged and weighed, pills, and money.

Appellant's purse was on an end table approximately three feet away from the small folding table on which the agents found the drugs, paraphernalia, and money. The purse was directly next to an ashtray that contained several partially burned

2

marihuana cigarettes. There was also a pair of what appeared to be women's sunglasses on the end table and women's shoes next to the end table. Appellant testified that the sunglasses did not belong to her and that the shoes belonged to Martinez's oldest daughter.

In the hallway bathroom, the agents found methamphetamine in a Ziploc bag that was floating in the toilet. In the bedroom that Martinez and Appellant shared, the agents found a large piece, or "shard," of crystal methamphetamine on the floor under a nightstand that was located next to the bed. At trial, William L. Todsen, a forensic scientist with the Texas Department of Public Safety Crime Laboratory in Abilene, testified that the total net weight of the methamphetamine found in the house was 11.97 grams.

The agents found bras, nail polish, and polish remover on one side of the bedroom that Appellant and Martinez shared; Martinez's wallet was on the opposite side of the bedroom. Additionally, the closet in the bedroom contained women's clothing. On cross-examination, Appellant testified that the nail polish and polish remover belonged to Martinez's daughters and that none of the clothes found in the bedroom closet belonged to her. The agents also found a letter, postmarked within thirty days of the search, that was addressed to Appellant at 1726 Jameson Street, the address that was set out in the search warrant.

In her testimony, Appellant denied knowledge of the drugs and drug paraphernalia that was located on the folding table in the living room. She also said that she did not see the shard of crystal methamphetamine in the bedroom and that she did not know about the marihuana that the agents found in the house. Appellant also said that she stayed at Martinez's house mainly to take care of his two daughters because he worked nights as a driller. She testified that she had an official address where she lived with her mother. However, on cross-examination, Appellant admitted that she told one of the agents that Martinez was "not working right now."

Henry Davila, owner of Rescue Bail Bond, testified that when Rescue made Appellant's bond in this case, she designated the Jameson address as her mailing address.

At the conclusion of the guilt/innocence phase of the trial, and before the charge was read to the jury, Appellant's trial counsel requested that the trial court include an instruction on the offense of possession of one to four grams of a controlled substance as a lesser included offense. Counsel claimed that it was possible for the jury to find that Appellant was aware only of the methamphetamine found in the bedroom because it was in closer proximity to Appellant and was located where she spent most of her time. The trial court denied the request.

We will first discuss Appellant's sufficiency-of-the-evidence claim. "When determining whether the evidence is sufficient to support a criminal conviction, the only standard an appellate court should apply is the *Jackson v. Virginia* test for legal sufficiency." *Cary v. State*, 507 S.W.3d 761, 765–66 (Tex. Crim. App. 2016) (citing *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010)); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This means that we must review all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Cary*, 507 S.W.3d at 766 (citing *Jackson*, 443 U.S. at 319). Thus, we must "defer to the jury's credibility and weight determinations because the jury is the **sole** judge of the witnesses' credibility and the weight to be given their testimony." *Brooks*, 323 S.W.3d at 899.

In addition, we defer to the trier of fact's resolution of any conflicts in the evidence and presume that the trier of fact resolved such conflicts in favor of the verdict. *Jackson*, 433 U.S. at 326; *Brooks*, 323 S.W.3d at 899; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When we review the sufficiency of the evidence, we look at "events occurring before, during and after the commission of

4

the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (quoting *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985)).

A person commits the offense of possession of a controlled substance if "the person knowingly or intentionally possesses a controlled substance." TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (West 2017). "Possession" means "actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(a)(39) (West Supp. 2019).

For a defendant to be found guilty of possession of a controlled substance, the State must prove that the defendant exercised "'control, management, or care over the substance [and that the defendant] knew the matter possessed was contraband.' Regardless of whether the evidence is direct or circumstantial, it must establish that the defendant's connection with the drug was more than fortuitous." *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006) (quoting *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005), *overruled in part on other grounds by Robinson v. State*, 466 S.W.3d 166, 173 & n.32 (Tex. Crim. App. 2015)). Thus, presence at the location where drugs are found is not enough, by itself, to establish the actual care, custody, or control of those drugs. *Id.* at 162. However, presence, when combined with either direct or circumstantial evidence ("links"), may be enough to satisfy that element beyond a reasonable doubt. *Id.* These links include, but are not limited to,

> (1) the defendant's presence when a search was conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee;

(8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia was present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Thompson v. State*, No. 11-16-00300-CR, 2018 WL 4925733, at *2 (Tex. App.—Eastland Oct. 11, 2018, pet. ref'd) (mem. op., not designated for publication) (citing *Tate v. State*, 500 S.W.3d 410, 414 (Tex. Crim. App. 2016)). Further, "[i]t is . . . not the number of links that is dispositive, but rather the logical force of all of the evidence, direct and circumstantial." *Evans*, 202 S.W.3d at 162.

Here, the record reflects that several of the above links were present. Appellant was present at the Jameson residence when the search was conducted; contraband was discovered in plain view; marihuana and other drug paraphernalia were present in the home at the time of the search; Appellant received mail addressed to her at the Jameson residence; and Appellant listed the Jameson address as her mailing address on her bond application.

Viewed in the light most favorable to the verdict, a rational trier of fact could have found beyond a reasonable doubt from the above facts that Appellant exercised control, management, or care over the substance and that she knew that the matter possessed was contraband. *See id.* at 166. We overrule Appellant's first issue on appeal.

We will next discuss Appellant's claim that the trial court should have instructed the jury on the lesser included offense of possession of one to four grams of a controlled substance. For a jury instruction on a lesser included offense to be warranted, a defendant must satisfy a two-pronged test. First, the purported lesser included offense must be included within the proof necessary to establish the offense charged. *Davison v. State*, 495 S.W.3d 309, 311 (Tex. App.—Houston [14th Dist.]

2016, no pet.). As relevant here, an offense is a lesser included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (West 2006); *Wortham v. State*, 412 S.W.3d 552, 554–55 (Tex. Crim. App. 2013). The first prong concerns a question of law; thus, "[w]e do not consider the evidence that was presented at trial. Instead, we consider only the statutory elements of [the offense] as they were modified by the particular allegations of the indictment . . . . We then compare them with the elements of the [requested] lesser offense . . . ." *Wortham*, 412 S.W.3d at 555 (all but first alteration in original) (quoting *Hall* v. *State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007)).

Here, the requested instruction was for an offense that can be established by proof of less than all the facts required to establish the commission of the charged offense (i.e. possession of a smaller amount of a controlled substance). Thus, the first prong is satisfied.

Secondly, before an instruction on a lesser included offense is required, "[t]here must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *Wortham*, 412 S.W.3d at 557 (quoting *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011)). Such evidence must be more than mere speculation and must consist of affirmative evidence that both raises the lesser included offense and rebuts or negates an element of the greater offense. *Id.* Therefore, it is not enough that the evidence raises only a "theoretical possibility" that the lesser offense occurred. *See Segundo v. State*, 270 S.W.3d 79, 91 (Tex. Crim. App. 2008).

Further, a defendant's own testimony that she committed no offense or testimony that shows that no offense occurred at all is "not adequate to raise the issue of a lesser included offense." *Cahvarriga v. State*, 156 S.W.3d 642, 648 (Tex. App.—Tyler 2004, pet. ref'd). "If a defendant . . . presents evidence that he

7

committed no offense . . . and there is no evidence showing that he is guilty only of a lesser included offense, then a charge on a lesser included offense is not required." *Id.*

In this case, as previously stated, Appellant maintained in her testimony that she committed no crime whatsoever and that she did not know about any of the drugs or drug paraphernalia found in the house. In addition, the record does not show that any evidence was presented that would rebut or negate an element of the greater offense. Nothing in the record before us would permit a rational jury to find that, if Appellant was guilty, she was guilty only of the possession of less than four grams of methamphetamine. Thus, the second prong was not satisfied, and no instruction was required. We overrule Appellant's second issue.

We affirm the judgment of the trial court.


JIM R. WRIGHT
SENIOR CHIEF JUSTICE


January 16, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.