ACCEPTED
12-15-00001-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/4/2015 11:47:15 PM
Pam Estes
CLERK

NUMBER 12-15-00001-CR

## IN THE TWELFTH DISTRICT COURT OF APPEALS

### TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
9/4/2015 11:47:15 PM
PAM ESTES
Clerk

OSCAR PERKINS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 114th District Court of Smith County, Texas

Trial Cause Number 114-1209-14

## STATE'S BRIEF

ORAL ARGUMENT NOT REQUESTED

**D. MATT BINGHAM**

Criminal District Attorney

Smith County, Texas

**AARON REDIKER**

Assistant District Attorney

State Bar of Texas Number 24046692

Smith County Courthouse, 4th Floor

Tyler, Texas 75702

Phone: (903) 590-1720

Fax: (903) 590-1719

Email: arediker@smith-county.com

# TABLE OF CONTENTS

Index of Authorities............................................................................................. 2

Statement of Facts.............................................................................................. 3

Summary of Argument......................................................................................... 4

I. ISSUES ONE AND TWO: As the testimony of the victim was legally sufficient to prove that appellant assaulted his wife by choking her, the trial court properly denied his motion for an instructed verdict................................................................................ 5

Standard of Review ............................................................................................ 5

Argument.......................................................................................................... 6

II. ISSUE THREE:  As the offense contained in the requested instruction was not a lesser-included offense of the charged offense, and appellant did not present affirmative evidence rebutting or negating an element of the charged offense of assault—family violence by choking, the trial court properly refused an instruction on misdemeanor assault. ................................................................................................ 9

Standard of Review ............................................................................................ 9

Argument.......................................................................................................... 10

Certificate of Compliance ................................................................................... 14

Certificate of Service ......................................................................................... 14

INDEX OF AUTHORITIES

## Texas Cases

*Aguilar v. State*, 468 S.W.2d 75 (Tex. Crim. App. 1971) ...................................................... 8

*Bignall v. State*, 887 S.W.2d 21 (Tex. Crim. App. 1994) ...................................................... 11

*Cain v. State*, 958 S.W.2d 404 (Tex. Crim. App. 1997) ........................................................ 9

*Cavazos v. State*, 382 S.W.3d 377 (Tex. Crim. App. 2012) ................................................... 11

*Dewberry v. State*, 4 S.W.3d 735 (Tex. Crim. App. 1999) ..................................................... 6

*Goodman v. State*, 66 S.W.3d 283 (Tex. Crim. App. 2001) .................................................. 9

*Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007) ....................................................... 10

*Hooper v. State*, 214 S.W.3d 9 (Tex. Crim. App. 2007) ....................................................... 6

*Laster v. State*, 275 S.W.3d 512 (Tex. Crim. App. 2009) ...................................................... 5

*Lofton v. State*, 45 S.W.3d 649 (Tex. Crim. App. 2001) ....................................................... 12

*Madden v. State*, 799 S.W.2d 683 (Tex. Crim. App. 1990) .................................................. 5

*Price v. State*, 457 S.W.3d 437 (Tex. Crim. App. 2015) ........................................................ 7

*Williams v. State*, 692 S.W.2d 671 (Tex. Crim. App. 1984) ................................................. 8

*Wortham v. State*, 412 S.W.3d 552 (Tex. Crim. App. 2013) ................................................ 10

## Texas Statutes

Tex. Code Crim. Proc. Ann. art. 36.14 ................................................................................... 9

Tex. Penal Code Ann. § 22.01 ........................................................................................... 7, 11

## Federal Cases

*Jackson v. Virginia*, 443 U.S. 307 (1979) .............................................................................. 5

IN THE TWELFTH DISTRICT COURT OF APPEALS

TYLER, TEXAS

OSCAR PERKINS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 114th District Court of Smith County, Texas

Trial Cause Number 114-1209-14

## STATE'S BRIEF

To the Honorable Court of Appeals:

Comes now the State of Texas, by and through the undersigned Assistant Criminal District Attorney, respectfully requesting that this Court overrule appellant's alleged issues and affirm the judgment of the trial court in the above-captioned cause.

### STATEMENT OF FACTS

Appellant has stated the essential nature of the proceedings and the evidence presented at trial with one important exception (Appellant's Br. 4): Mrs.

Perkins, appellant's wife and the victim of his assault, did not testify "she could still breathe" while appellant choked her (VII Rep.'s R. at 37-39). In the interest of judicial economy, any other facts not mentioned therein that may be relevant to the disposition of appellant's issues will be discussed in the State's arguments in response.

## SUMMARY OF ARGUMENT

The jury, as the sole judge of the weight and credibility of the witnesses, was free to believe the victim's testimony that she could not breathe when appellant placed her in a chokehold. Furthermore, appellant has not pointed to any affirmative evidence in the record directly germane to the lesser included offense of misdemeanor assault or that refutes or negates the other evidence establishing the greater offense.

I. **ISSUES ONE AND TWO:** As the testimony of the victim was legally sufficient to prove that appellant assaulted his wife by choking her, the trial court properly denied his motion for an instructed verdict.

STANDARD OF REVIEW

Articulating the standard of review for legal sufficiency in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the Supreme Court stated that, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." "A challenge to the trial judge's ruling on a motion for an instructed verdict is in actuality a challenge to the sufficiency of the evidence to support the conviction." *Madden v. State*, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990). When conducting a legal sufficiency review, a reviewing court must ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, and not whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). The same standard applies equally to circumstantial and direct evidence. *Id.* When examining the evidence for legal

sufficiency, a reviewing court's role is not to become a "thirteenth juror", and it may not "re-evaluate the weight and credibility of the record evidence" and thereby substitute its judgment for that of the jury. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Thus, "[t]he reviewing court must give deference to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318-19) (internal quotation marks omitted).

ARGUMENT

In his first and second issues, appellant argues that the evidence showing he intentionally, knowingly, or recklessly impeded the normal breathing or circulation of the blood of his wife by applying pressure to her throat or neck was legally insufficient, and the trial court thus erred by failing to grant his motion for an instructed verdict (Appellant's Br. 6-10; Clerk's R. at 8). A person commits the offense of assault—family violence by choking if: "(1) the accused intentionally, knowingly, or recklessly causes bodily injury to another; (2) the victim was a

6

person described in certain sections of the Family Code; and (3) the offense was committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth." *Price v. State*, 457 S.W.3d 437, 442 (Tex. Crim. App. 2015) (internal quotation marks omitted). *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2)(B) (West 2014). Mrs. Perkins, the sole eyewitness and victim of the charged offense, testified at trial that the assault occurred following a disagreement with appellant over the phone regarding the division of an insurance claim settlement check (VII Rep.'s R. at 30). After arriving at her home, appellant told her that he was going to kill her, struck her several times with a pillow, punched her in the head twice, and then put Mrs. Perkins in a chokehold from behind, squeezing her neck between his forearm and bicep while placing his other forearm on the back of her neck (*Id.* at 32, 34-39). Mrs. Perkins then fell on her knees because she could not breathe, and appellant eventually released her (*Id.* at 38-39, 59). Sergeant Flores, the Lindale police officer who arrived on the scene after Mrs. Perkins called 911, observed redness, swelling, and

7

bruising around her neck and an indentation from one of Mrs. Perkins's earrings being pushed into the skin (*Id.* at 156-58, 160). Moreover, Dr. Weber, the emergency room physician who later treated Mrs. Perkins that day, testified that a CT scan of her neck showed a straightening of the spine consistent with muscle spasms, which could have been caused by trauma to the neck through being choked (*Id.* at 109-11).

Nevertheless, appellant argues that the only evidence of choking came from Mrs. Perkins, whose credibility was called into question by, among other things, her contradictory statements about attempting to file an affidavit of non-prosecution (Appellant's Br. 8). However, an eyewitness's testimony alone may be sufficient to support a jury's verdict. *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971). "The trier of fact is the sole judge of the weight and credibility of the witnesses and may believe or disbelieve all or any part of any witness' testimony." *Williams v. State*, 692 S.W.2d 671, 676 (Tex. Crim. App. 1984). "What weight to give contradictory testimonial evidence is within the sole province of the jury, because it turns on an evaluation of credibility and demeanor." *Cain v. State*, 958 S.W.2d 404,

408-409 (Tex. Crim. App. 1997). Considering its verdict of guilty, the jury obviously believed Mrs. Perkins's account of the assault and resolved any inconsistencies against appellant, as it was within the sole province of the jury to do. *See id.* When viewed in the light most favorable to the prosecution, Mrs. Perkins's testimony that she could not breathe when appellant applied pressure to her neck was legally sufficient to support the jury's verdict. *See Goodman v. State*, 66 S.W.3d 283, 286 (Tex. Crim. App. 2001) ("Direct evidence of 'X' fact is always legally sufficient to support a finding of 'X' fact."). Appellant's first and second issues are therefore without merit and should be overruled.

**II. Issue Three:** As the offense contained in the requested instruction was not a lesser included offense of the charged offense, and appellant did not present affirmative evidence rebutting or negating an element of the charged offense of assault—family violence by choking, the trial court properly refused an instruction on misdemeanor assault.

STANDARD OF REVIEW

"[T]he judge shall, before the argument begins, deliver to the jury, except in pleas of guilty, where a jury has been waived, a written charge distinctly setting forth the law applicable to the case . . ." Tex. Code Crim. Proc. Ann. art. 36.14 (West

2014).  In *Hall v. State*, the Court of Criminal Appeals "sets forth the two-part analysis used to determine whether a defendant is entitled to a jury instruction on a lesser-included offense."  *Wortham v. State*, 412 S.W.3d 552, 554 (Tex. Crim. App. 2013) (citing *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007)).  "Using the 'cognate pleadings' approach, an appellate court must first consider whether the offense contained in the requested instruction is a lesser-included offense of the charged offense.  If it is, the court must then determine whether the evidence admitted at trial supports the instruction."  *Id.* (footnote omitted).  Under the second part of the analysis, "anything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge.  In other words, the evidence must establish the lesser-included offense as a valid, rational alternative to the charged offense."  *Hall*, 225 S.W.3d at 536.

ARGUMENT

In his third issue, appellant argues that the trial court erred in refusing to instruct the jury on the offense of misdemeanor assault as a lesser-included offense of assault—family violence by choking (Appellant's Br. 11-14).  *See* Tex.

Penal Code Ann. § 22.01(a)(1), (b)(2)(B) (West 2014). As the Court of Criminal Appeals explained in *Cavazos v. State*:

> [A]nything more than a scintilla of evidence may be sufficient to entitle a defendant to a charge on a lesser offense. . . . If the evidence raised at trial casts doubt on the greater offense, a lesser-included offense instruction allows the jury to vote for a rational alternative. While it is true that the evidence may be weak or contradicted, the evidence must still be directly germane to the lesser-included offense and must rise to a level that a rational jury could find that if Appellant is guilty, he is guilty only of the lesser-included offense. Meeting this threshold requires more than mere speculation—it requires affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the greater offense.

*Cavazos v. State*, 382 S.W.3d 377, 385 (Tex. Crim. App. 2012) (citations omitted). "[I]t is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense[1]; there must be some evidence directly germane to a lesser included offense for the factfinder to consider before an instruction on a lesser included offense is warranted." *Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). "A defendant's own testimony that he committed no offense, or testimony

---

[1] At the charge conference, appellant's trial counsel justified his request for the lesser included offense instruction by stating, "[t]he jury could very well believe that Mr. Perkins hit her in the head but did not choke her." (VIII Rep.'s R. at 137).

which otherwise shows that no offense occurred at all, is not adequate to raise the issue of a lesser-included offense." *Lofton v. State*, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001). Under the first part of the *Hall* analysis, misdemeanor assault causing bodily injury by striking with a closed fist is not a lesser included offense of assault—family violence by choking as charged in the indictment because the required injury is "normal breathing or circulation of the blood has been impeded." *Price*, 457 S.W.3d at 443. Secondly, appellant challenges the trial court's denial of the instruction under the second part of the *Hall* analysis, arguing that: "Dr. Weber testified that while [Mrs. Perkins's] complaints could have been caused by choking, they also could have been caused in other ways." (Appellant's Br. 13). Other than this mere speculation, however, appellant has not pointed to any evidence in the record rising to the level of convincing a rational jury that, if he is guilty, he is guilty only of misdemeanor assault (Appellant's Br. 11-13). *See Cavazos*, 382 S.W.3d at 385; *Hooper*, 214 S.W.3d at 16 ("Speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented."). As appellant has not shown any affirmative evidence directly germane to the lesser included offense of

misdemeanor assault or that refutes or negates the other evidence establishing the greater offense, his third issue is without merit and should be overruled.

PRAYER

WHEREFORE, PREMISES CONSIDERED, the State of Texas prays that the Court overrule appellant's alleged issues and affirm the judgment of the 114th District Court of Smith County, Texas, in the above-captioned cause.

Respectfully submitted,

D. MATT BINGHAM
Criminal District Attorney
Smith County, Texas

/s/  Aaron Rediker
Aaron Rediker
Assistant District Attorney
SBOT #:  24046692
100 North Broadway, 4th Floor
Tyler, Texas 75702
Office:  (903) 590-1720
Fax:  (903) 590-1719 (fax)
arediker@smith-county.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned attorney certifies that the word count for this document is 1,959 words as calculated by Microsoft Word 2013.

/s/  Aaron Rediker
Aaron Rediker

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 4th day of September 2015, the State's Brief in the above-numbered cause has been electronically filed, and a legible copy of the State's Brief has been sent by email to James W. Huggler Jr., attorney for appellant, at JHugglerLaw@sbcglobal.net.

/s/  Aaron Rediker
Aaron Rediker