

NUMBER 13-14-00338-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOHNNY FLORES,                                                            Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

### On appeal from the 148th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Perkes and Longoria
### Memorandum Opinion by Justice Garza

Appellant, Johnny Flores, was convicted of murder, a first-degree felony, and was sentenced to life imprisonment. *See* TEX. PENAL CODE ANN. § 19.02 (West, Westlaw through 2015 R.S.). On appeal, he contends that the trial court reversibly erred by denying his request to instruct the jury on the lesser-included offense of manslaughter. We affirm.

## I. BACKGROUND

Flores was charged by indictment with the murder of his girlfriend, Terry Mechell Ramos ("Mechell"). The indictment alleged that Flores, with the intent to cause serious bodily injury, committed an act clearly dangerous to human life that caused Mechell's death by asphyxia. *See id.* § 19.02(b)(2).

At trial, an audio recording of a 911 call made on July 4, 2013, to Corpus Christi police was entered into evidence and played for the jury. In the call, the caller reported: "I just killed my girlfriend." When asked if his girlfriend was "awake and breathing," the caller stated "No." The dispatcher asked, "How did you do that?" and the caller responded: "I suffocated her." When asked whether he had any weapons, the caller stated he had a knife and that he had used the knife to try to kill himself. He explained that he had been drinking. He stated, "I caught her with some other guy. . . . I think she's a prostitute." The caller identified himself as Johnny Flores and provided his date of birth. Police arrived at Flores's location and arrested him.

Flores was then interviewed at the police station; a video recording of the interview was entered into evidence and played for the jury. During the interview, Flores stated that he "lost it" and he "snapped." He stated that he found out he has a sexually transmitted disease, and that was what "pushed [him] over the edge." He said: "She started fighting, scratching me, I got mad and I hit her." He clarified that he hit her twice, slapped her more than twice, and choked her. He "snapped out of it" and stopped choking her when she stopped fighting. After finding that she had a "light pulse," he went to the kitchen to get a knife and contemplated suicide, but decided against it. He informed police that he had previously been treated for schizoaffective disorder but that he had not been

2

on medication for several months.

Ray Fernandez, M.D., performed an autopsy and testified as to his findings. He stated that Mechell had a half-inch long, half-inch deep stab wound to the soft tissue on the right side of her head. There was extensive bruising on her right cheek and eyelid as well as on her jaw, and there was a fracture on the "front upper teeth area" with teeth missing. Mechell's nose had abrasions and was fractured. Fernandez found swelling on Mechell's brain as well as internal bleeding on the left side of her neck, consistent with "someone putting their hands on her neck" with "force behind them." Finally, Fernandez testified that there were petechial hemorrhages, or "pinpoint size areas of bleeding," on both of Mechell's eyes and the inner surface of her eyelids. When asked what these hemorrhages indicate, Fernandez explained:

> Those are areas where the blood vessels have burst and it's[ ]because of the pressure that's going through the face area. It's not something that's specific for any one cause, but it is a finding that's commonly seen when there's been pressure at the nose and the mouth/neck area. It's been on-and-off-type pressure, the type you see from asphyxia where there is blockage of oxygen going to the body.

He stated that petechial hemorrhages are not seen when asphyxia occurs because of continuous pressure, such as by hanging; instead, they are found when there is "on-and-off-type pressure." He stated that "on-and-off-type pressure" would be consistent with a struggle.

Fernandez testified that, based on his examination, he determined Mechell's cause of death to be "mechanical asphyxia" with a "contributing condition" of "a stab wound to the right temple of the head." He explained that, for a person to die from mechanical asphyxia, pressure would have to be maintained for four or five minutes. On cross-examination, Fernandez acknowledged that there was no damage to Mechell's trachea,

nor was there bleeding or bruising on the outside of her neck, all of which would be consistent with strangulation.

Troy Martinez, Psy.D., a forensic psychologist, testified in Flores's defense that when a person with a major mental illness such as schizoaffective disorder is not on their medication, their mental state may "deteriorate in such a way that can certainly impact their judgment, . . . their impulse control, their emotional stability . . . ." Martinez stated that such a person can act recklessly, which he took to mean irrational or impulsive.

## II. Discussion

By a single issue, Flores contends that the trial court erred by denying his request to include an instruction on manslaughter in the jury charge.[1]

### A. Applicable Law and Standard of Review

We use a two-pronged test to determine whether a defendant is entitled to an instruction on a lesser-included offense. *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011); *Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007). The first step of the analysis asks whether the lesser-included offense is included within the proof necessary to establish the offense charged. *Rice*, 333 S.W.3d at 144. An offense is a lesser included offense if:

> (1)  it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

---

[1] We note that Flores does not argue in his appellate brief that he suffered harm from the alleged jury charge error. *See Saunders v. State*, 840 S.W.2d 390, 392 (Tex. Crim. App. 1992) (finding that the trial court erred in refusing to give a requested instruction on a lesser-included offense and remanding to the court of appeals for an *Almanza* harm analysis); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g) (holding that, when jury-charge error has been preserved at trial, it will be reversible only if the error resulted in "some harm" to the accused); *see also Masterson v. State*, 155 S.W.3d 167, 171 (Tex. Crim. App. 2005) ("[T]he harm from denying a lesser offense instruction stems from the potential to place the jury in the dilemma of convicting for a greater offense in which the jury has reasonable doubt or releasing entirely from criminal liability a person the jury is convinced is a wrongdoer.").

4

(2)     it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3)     it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4)     it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX. CODE CRIM. PROC. ANN. art. 37.09 (West, Westlaw through 2015 R.S.).  The determination of what is a lesser-included offense is a question of law.  *Wortham v. State*, 412 S.W.3d 552, 555 (Tex. Crim. App. 2013).  We do not consider the evidence that was presented at trial; instead, we consider only the statutory elements of the offense as they were modified by the particular allegations of the indictment, and we then compare them with the elements of the requested lesser offense.  *Id.*  "Thus, an offense is a lesser-included offense if the indictment alleges all the elements of the lesser-included offense, or if the indictment alleges elements plus facts from which all the elements of the lesser-included offense may be deduced."  *Id.*

The second step is to determine whether "there is some evidence in the record which would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense."  *Id.*; *Hall*, 225 S.W.3d at 536.  The evidence must establish the lesser-included offense as "a valid, rational alternative to the charged offense."  *Cavazos v. State*, 382 S.W.3d 377, 385 (Tex. Crim. App. 2012); *Rice*, 333 S.W.3d at 144; *Hall*, 225 S.W.3d at 536.  Anything more than a scintilla of evidence will be sufficient to entitle a defendant to a charge on the lesser offense.  *Hall*, 225 S.W.3d at 536.  However, "it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense

5

is warranted." *Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003). "Meeting this threshold requires more than mere speculation—it requires affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the greater offense." *Cavazos*, 382 S.W.3d at 385; *Wortham*, 412 S.W.3d at 558.

## B. Analysis

We start by considering the second prong of the analysis because it is dispositive.[2] As to this prong, Flores must show that there was more than a scintilla of evidence in the record establishing that, if he is guilty, he is guilty only of manslaughter. *See Wortham*, 412 S.W.3d at 555. A person commits manslaughter by "recklessly caus[ing] the death of an individual." TEX. PENAL CODE ANN. § 19.04(a) (West, Westlaw through 2015 R.S.). A person acts recklessly with respect to the result of his conduct "when he is aware of but consciously disregards a substantial and unjustifiable risk" that the result will occur. *Id.* § 6.03(c) (West, Westlaw through 2015 R.S.). "The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint." *Id.* Accordingly, for Flores to be entitled to a manslaughter instruction, "[t]here must be some affirmative evidence that [he] did not intend to cause serious bodily

---

[2] With regard to the first prong, Flores argues that the case is controlled by *Cavazos v. State*, in which the Texas Court of Criminal Appeals found that manslaughter was a lesser-included offense of section 19.02(b)(2) murder as charged in that case. *See* 382 S.W.3d 377, 384 (Tex. Crim. App. 2012) (concluding that "causing death while consciously disregarding a risk that death will occur differs from intending to cause serious bodily injury with a resulting death only in the respect that a less culpable mental state establishes its commission") (citing TEX. CODE CRIM. PROC. ANN. art. 37.09(3) (West, Westlaw through 2015 R.S.)). The State contends that *Cavazos* is distinguishable because the indictment in that case alleged that the defendant had used a firearm, whereas here the indictment alleged that Mechell had died by asphyxia. *See id.* at 384 (observing that "the indictment specified that Appellant shot the victim with a deadly weapon, so it can be inferred that he had the intent to cause the victim's death"). We need not decide the issue because, regardless of whether *Cavazos* controls, we will conclude herein that the evidence did not support a manslaughter instruction. *See* TEX. R. APP. P. 47.1.

injury" and "some affirmative evidence from which a rational juror could infer that [he] was aware of but consciously disregarded a substantial and unjustifiable risk that death would occur as a result of his conduct." *Cavazos*, 382 S.W.3d at 385; *see* TEX. PENAL CODE ANN. §§ 6.03(c) (defining reckless), 19.02(b)(2) (stating that a person commits murder if he "intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual").

Flores points to *Saunders v. State*, a 1992 case in which the court of criminal appeals held:

> There are two ways in which the evidence may indicate that a defendant is guilty only of the lesser offense. First, there may be evidence which refutes or negates other evidence establishing the greater offense. For instance, if a defendant is charged with aggravated robbery and evidence is presented which indicates the defendant may not have used a deadly weapon, then a charge on the lesser offense of robbery would be required. If, however, the defendant simply denies commission of the offense, or there is no evidence specifically raising an issue regarding use of the weapon, then the charge on the lesser offense would not be required.
>
> Second, a defendant may be shown to be guilty only of the lesser offense if the evidence presented is subject to different interpretations. In *Thomas* [*v. State*, 543 S.W.2d 645, 651 (Tex. Crim. App. 1976)], this Court held that if the evidence raises two inferences regarding the defendant's awareness of the risk, then the jury should be instructed on both inferences . . . .

*Saunders v. State*, 840 S.W.2d 390, 391–92 (Tex. Crim. App. 1992) (some citations omitted) (considering whether trial court erred in denying instruction on criminally negligent homicide); *see Cavazos*, 382 S.W.3d at 385. Flores argues that the evidence regarding his mental state was "subject to different interpretations" as in *Saunders* and, therefore, the jury should have been instructed on manslaughter. Specifically, he contends that the jury could have believed that he acted recklessly in light of Fernandez's testimony that petechial hemorrhages on Mechell's eyes were caused by "on-and-off-

7

type" pressure, and Martinez's testimony that a person with schizoaffective disorder could act recklessly if he was off his medication.

We do not believe that this testimony established manslaughter as a valid, rational alternative to section 19.02(b)(2) murder. Fernandez did testify that Mechell's injuries were caused by "on-and-off-type" pressure as opposed to continuous pressure, but he stated that these injuries were consistent with a struggle, and he also indicated that it would take four or five minutes of pressure to cause a person's death by asphyxia. Martinez testified that a person with schizoaffective disorder may act recklessly when off medication, but he defined recklessly in a manner inconsistent with the definition contained in the penal code; and in any event, he did not testify that Flores acted recklessly on this particular occasion. The jury could not reasonably interpret this evidence as indicating that Flores lacked the intent to commit serious bodily injury, *see Cavazos*, 382 S.W.3d at 385, or as rebutting or negating any element of section 19.02(b)(2) murder. This is especially true in light of the undisputed evidence that Flores hit Mechell multiple times and choked her until she stopped fighting; as well as undisputed evidence of Mechell's extensive injuries, including a broken nose, broken and missing teeth and a shallow stab wound. *See Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995) (noting that intent to murder may be inferred from the extent of the victim's injuries).

For the foregoing reasons, we find that the trial court did not err in denying Flores's request for a manslaughter instruction. Flores's issue is overruled.

### III. CONCLUSION

The trial court's judgment is affirmed.

_____
DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of December, 2015.